UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEUDINON MOREAU,

Plaintiff,

v. Case No: 6:26-cv-2669-JSS-CAB

SECRETARY MARK WAYNE MULLIN, et al.,

Defendants.
_______________________________________/

# INITIAL CASE ORDER

For a just and efficient resolution of this case, the parties are directed to read and comply with the Middle District of Florida's Local Rules. *See* M.D. Fla. Loc. R. 1.01(a). While not exhaustive, this Order establishes deadlines for filings required at the initial stages of an action.

**Related Actions:** No later than **14 days from the date of this Order**, Lead Counsel and any pro se plaintiff shall file a notice as to whether a related action is pending in the Middle District or elsewhere as required under Local Rule 1.07(c). The parties shall utilize the attached form **Notice of a Related Action**. Each party has a continuing obligation to file an amended notice within **10 days** of discovering any ground for amendment.

**Disclosure Statements:** This court screens every case to identify parties and interested corporations in which any assigned judge may be a shareholder, as well as for other matters that might require consideration of recusal. Accordingly, no later

than **14 days from the date of this Order**, each party, pro se party, governmental party, intervenor, non-party movant, and Rule 69 garnishee shall file the attached **Disclosure Statement and Certification** as required under Local Rule 3.03. Any party or entity that appears after the date of this Order must file the Disclosure Statement **within 14 days** of appearance.

No party may seek discovery from any source before filing a Disclosure Statement and Certification. A motion, memorandum, response, or other paper-including emergency motion-may be denied or stricken unless the filing party has previously filed its Disclosure Statement and Certification.

Each party has a continuing obligation to file and serve an **Amended Disclosure Statement and Certification within ten days** of (1) discovering any ground for amendment, including notice of case reassignment to a different judicial officer; or (2) discovering any ground for recusal or disqualification of a judicial officer. A party should not routinely list an assigned district judge or magistrate judge as an "interested person" absent some nonjudicial interest.

To assist the Court in determining when a conflict of interest may exist, particularly when ruling on matters formally assigned to another judge, each party shall use the full caption of the case, including the names of all parties and intervenors on all motions, memoranda, papers, and proposed orders submitted to the Clerk. *See* Fed. R. Civ. P. 10(a).

**Civil Case Management:** When required by Local Rule 3.02, counsel and any unrepresented party shall confer and file a Case Management Report using the standard form on the court's website (1) **within 40 days** after any defendant appears in an action originating in this court, (2) **within 40 days** after the docketing of an action removed or transferred to this court, or (3) **within 70 days** after service on the United States attorney in an action against the United States, a United States agency, a United States officer or employee sued only in an official capacity, or a United States officer or employee sued in an individual capacity in connection with a duty performed on behalf of the United States.

**Electronic Filing:** Under Local Rule 2.0l(b)(l)(G), all attorneys appearing before this court are required to register for CM/ECF docketing **within 14 days** of their entry of appearance in any action pending before this court. Counsel are directed to the website located at www.flmd.uscourts.gov under "CM/ECF" where they are to request their password from the court. Pro se parties are exempt from the electronic filing requirement.

**Consent to Trial by Magistrate Judge:** Under 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73, the parties may consent to have the assigned United States Magistrate Judge conduct any and all further proceedings in this case, including the trial (and can provide a date certain for trial, unlike the District Court.). If the parties wish to consent, they are directed to fill out the attached Magistrate Consent Form and file the form with this court.

In addition to the foregoing requirements, parties are advised to consult and adhere to the Local Rules with regards to filing requirements and deadlines, which will be strictly enforced.

**ORDERED** in Orlando, Florida, on November 17, 2026.

JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Attachments:
Notice of a Related Action (mandatory form)
Certificate of Interested Persons and Corporate Disclosure Statement
Case Management Report
Magistrate Judge Consent Form - Entire Case Magistrate Judge Consent

Copies furnished to:

Counsel of Record
Any Unrepresented Parties

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEUDINON MOREAU,

Plaintiff,

v. Case No: 6:26-cv-2669-JSS-CAB

SECRETARY MARK WAYNE MULLIN, et al.,

Defendants.
________________________________/

**NOTICE OF PENDENCY OF OTHER ACTIONS**

In accordance with Local Rule 1.07, I certify that the instant action:

______ IS related to pending or closed civil or criminal case(s) previously filed in this Court, or any other Federal or State court, or administrative agency as indicated below:

________________________________________
________________________________________
________________________________________

______ IS NOT related to any pending or closed civil or criminal case filed with this Court, or any other Federal or State court, or administrative agency.

I further certify that I will serve a copy of this Notice of Pendency of Other Actions upon each party no later than fourteen days after appearance of the party.

Dated:

________________________________ ________________________________
Plaintiff(s) Counsel of Record or *Pro Se* Party [Address and Telephone]

Defendant(s) Counsel of Record or Pro Se Party [Address and Telephone]

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEUDINON MOREAU,

Plaintiff,

v. Case No: 6:26-cv-2669-JSS-CAB

SECRETARY MARK WAYNE MULLIN, et al.,

Defendants.

___________________________________/

**[]'S DISCLOSURE STATEMENT (CIVIL) UNDER RULE 7.1, FEDERAL RULES OF CIVIL PROCEDURE, AND LOCAL RULE 3.03**

The disclosures in this statement will contribute to evaluating judicial recusal and diversity of citizenship. A summary of the law of recusal and citizenship accompanies this statement. Each party must revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy. The privacy protection of Rule 5.2, Federal Rules of Civil Procedure, applies to the disclosures.

**Recusal Information**

1. If the filer is a non-governmental corporation, identify any parent corporation and any publicly held corporation holding 10% or more of the filer's shares.

   []

2. Identify any other entity or natural person — not a party or counsel of record — with an interest the action's outcome might substantially affect.

   []

3. Identify any lawyer — other than counsel of record — who serves or has served in the action as a lawyer for the filer, who is financially interested in the action, or who might appear as a material witness in the action.

[]

4. If this is a bankruptcy appeal, identify the debtor, the trustee, and the members of the creditors' committee.

   []

5. Identify any entity or natural person not already disclosed and likely to actively participate in this action.

   []

6. Identify any conflict of interest affecting the district judge or the magistrate judge in this action.

   []

## Citizenship Information

If the filer is a **natural person**, the filer must identify the filer's citizenship in accord with the person's domicile, which does not necessarily correspond to the person's residence.

If the filer is a **corporation**, the filer must identify its place of incorporation and its principal place of business.

If the filer is a **limited liability company** or **other unincorporated entity**, the filer must identify each member and the citizenship of each member and, if a member is another unincorporated entity, each member of that entity and that member's citizenship, and so on.

If, in a direct action against an insurer based on a policy or contract of liability insurance, the filer is the **insurer** and if the insured is not joined as a defendant, the filer, in accord with 28 U.S.C. § 1332(c)(1), must identify the filer's state of incorporation, the filer's principal place of business, and the insured's citizenship.

If the filer is the **legal representative of an estate**, the filer must identify the decedent's citizenship.

If the filer is the **legal representative of an infant or an incompetent person**, the filer must identify the infant's or incompetent person's citizenship.

7. If a pleading or notice of removal asserts diversity jurisdiction under 28 U.S.C. § 1332(a) or supplemental jurisdiction under 28 U.S.C. § 1367(a), state the filer's citizenship.

[]

8. If this is a class action under 28 U.S.C. § 1332(d), state the filer's citizenship. If the filer is an unincorporated association, identify the association's principal place of business and the state under whose laws the association is organized.

   []

## Certificate

**The filer certifies that the disclosures in this statement are complete and accurate to the best of the filer's knowledge, information, and belief. The filer agrees to revise and supplement the disclosures throughout the pendency of the action to ensure continuing completeness and accuracy.**

Signed:

[]

[Name]
[Address]
[E-mail address]
[Telephone number]

# Law for Disclosure Statement (Civil)

<u>Disclosure</u>

**Fed. R. Civ. P. 7.1—Disclosure Statement**
**(a) Who Must File; Contents.**
**(1) *Nongovernmental Corporations.*** A nongovernmental corporate party or a nongovernmental corporation that seeks to intervene must file a statement that:
**(A)** identifies any parent corporation and any publicly held corporation owning 10% or more of its stock; or
**(B)** states that there is no such corporation.
**(2) *Parties or Intervenors in a Diversity Case.*** In an action in which jurisdiction is based on diversity under 28 U.S.C. § 1332(a), a party or intervenor must, unless the court orders otherwise, file a disclosure statement. The statement must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
**(A)** when the action is filed in or removed to federal court, and
**(B)** when any later event occurs that could affect the court's jurisdiction under § 1332(a).
**(b) Time to File; Supplemental Filing.**
A party, intervenor, or proposed intervenor must:
**(1)** file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
**(2)** promptly file a supplemental statement if any required information changes.

**Local Rule 3.03—Disclosure Statement**
With the first appearance, each party in a civil action must file a disclosure statement using the standard form from the clerk or the court's website.

<u>Recusal and Disqualification</u>

**28 U.S.C. § 455—Disqualification of justice, judge, or magistrate judge**
**(a)** Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
**(b)** He shall also disqualify himself in the following circumstances:
**(1)** Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;
**(2)** Where in private practice he served as lawyer in the matter in controversy, or a lawyer with whom he previously practiced law served during such association as a lawyer concerning the matter, or the judge or such lawyer has been a material witness concerning it;
**(3)** Where he has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy;
**(4)** He knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding;
**(5)** He or his spouse, or a person within the third degree of relationship to either of them, or the spouse of such a person:
**(i)** Is a party to the proceeding, or an officer, director, or trustee of a party;
**(ii)** Is acting as a lawyer in the proceeding;
**(iii)** Is known by the judge to have an interest that could be substantially affected by the outcome of the proceeding;
**(iv)** Is to the judge's knowledge likely to be a material witness in the proceeding.

**Case Law:** "Section 455 creates two primary reasons for recusal." *United States v. Patti*, 337 F.3d 1317, 1321 (11th Cir. 2003). "A judge should recuse himself under § 455(a) when there is an appearance of impropriety." *Id.* "The very purpose of § 455(a) is to promote confidence in the judiciary by avoiding even the appearance of impropriety whenever possible." *Id.* (quoted authority omitted). "Thus, the standard of review for a § 455(a) motion is whether an objective, disinterested, lay observer fully informed of the facts underlying the grounds on which recusal was sought would entertain a significant doubt about the judge's impartiality, and any doubts must be resolved in favor of recusal[.]" *Id.* (internal citations, quotation marks, and quoted authority omitted). "On the contrary, a judge should recuse himself under § 455(b) when any of the specific circumstances … in that subsection exist, which show the fact of partiality." *Id.* "Recusal under this subsection is mandatory[] because the potential for conflicts of interest are readily apparent." *Id.* (internal quotation marks and quoted authority omitted).

<u>Diversity Jurisdiction</u>

**28 U.S.C. § 1332—Diversity of citizenship; amount in controversy; costs**
**(a)** The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
**(1)** citizens of different States;
**(2)** citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;
**(3)** citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
**(4)** a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

**Note:** Alleging jurisdiction in the negative (i.e., that a party is not the citizen of a particular state) is insufficient. *Cameron v. Hodges*, 127 U.S. 322, 324-25 (1888).

**Natural Person:** A natural person's citizenship is equivalent to a domicile, which requires both residence in a state and an intent to remain there indefinitely; residence alone is insufficient. *Travaglio v. Am. Exp. Co*., 735 F.3d 1266, 1269 (11th Cir. 2013).

**Corporation:** A corporation is a citizen of every domestic or foreign state of incorporation and the domestic or foreign state of its principal place of business. 28 U.S.C. § 1332(c)(1).

**Limited Liability Company, Partnership, or Other Unincorporated Entity:** "[A] limited liability company, partnership, or other unincorporated entity is a citizen of any state of which a member of the company is a citizen." *Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). To sufficiently allege the citizenship of an unincorporated entity, a party must identify each member or partner and the citizenship of each member or partner. *Id.* If a member or partner is also an unincorporated entity, its members must also be identified, continuing through however many layers of members or partners there are. *Purchasing Power, LLC v. Bluestem Brands, Inc.*, 851 F.3d 1218, 1220 (11th Cir. 2017).

**Class Action:** In the class action context, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10).

**Insurer:** "[I]n any direct action against the insurer of a policy or contract of liability insurance, whether incorporated or unincorporated, to which action the insured is not joined as a party-defendant, such insurer shall be deemed a citizen of—
**(A)** every State and foreign state of which the insured is a citizen;
**(B)** every State and foreign state by which the insurer has been incorporated; and
**(C)** the State or foreign state where the insurer has its principal place of business[.]" 28 U.S.C. § 1332(c)(1).

"Direct action" means "those cases in which a party suffering injuries or damage for which another is legally responsible is entitled to bring suit against the other's liability insurer without joining the insured or first obtaining a judgment against him." *Kong v. Allied Pro. Ins. Co.*, 750 F.3d 1295, 1300 (11th Cir. 2014) (internal quotation marks, quoted authority, and emphasis omitted).

**Legal Representative of the Estate of a Decedent:** "The legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent, and the legal representative of an infant or incompetent shall be deemed to be a citizen only of the same State as the infant or incompetent." 28 U.S.C. § 1332(c)(2).

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DIEUDINON MOREAU,

Plaintiff,

v. Case No: 6:26-cv-2669-JSS-CAB

SECRETARY MARK WAYNE MULLIN, et al.,

Defendants.
_________________________________/

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on enter date. Enter names attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | Enter a date. |

| | | |
|---|---|---|
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | | Enter a date. |
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | Enter a date. |
| | Defendant | Enter a date. |
| | Rebuttal | Enter a date. |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | Enter a date. |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | Enter a date. |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>Enter mediator's name, address, and phone number. | | Enter a date. |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | Enter a date. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | Enter a date. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | Enter a date. |
| Month and year of the trial term. | | Enter a date. |

The trial will last approximately enter number days and be

☐ jury.

☐ non-jury.

## 3. Description of the Action

In a few sentences, describe the nature of the action and its complexity.

## 4. Disclosure Statement

☐ Each party has filed a disclosure statement using the required form.

**5. Related Action**

☐ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☐ The parties do not consent.

**7. Preliminary Pretrial Conference**

☐ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☐ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects: list the subjects.

C. Discovery should be conducted in phases:

☐ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐ No.
☐ Yes; describe the issue(s).

E. ☐ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

- ☐ No.
- ☐ Yes; describe the stipulation.

## 10. Request for Special Handling

☐ The parties do not request special handling.

☐ The parties request special handling. Specifically, describe requested special handling.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☐ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

______________________________
Add name of party or counsel
If counsel, add name of client
Add date of signature

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

DIEUDINON MOREAU.
*Plaintiff*

SECRETARY MARK WAYNE MULLIN, et al.,
*Defendants*

Civil Action No. 6:26-cv-2669-JSS-CAB

## NOTICE, CONSENT, AND REFERENCE OF A CIVIL ACTION TO A MAGISTRATE JUDGE

*Notice of a magistrate judge's availability.* A United States magistrate judge of this court is available to conduct all proceedings in this civil action (including a jury or nonjury trial) and to order the entry of a final judgment. The judgment may then be appealed directly to the United States court of appeals like any other judgment of this court. A magistrate judge may exercise this authority only if all parties voluntarily consent.

You may consent to have your case referred to a magistrate judge, or you may withhold your consent without adverse substantive consequences. The name of any party withholding consent will not be revealed to any judge who may otherwise be involved with your case.

*Consent to a magistrate judge's authority.* The following parties consent to have a United States magistrate judge conduct all proceedings in this case including trial, the entry of final judgment, and all post-trial proceedings.

| *Parties' printed names* | *Signatures of parties or attorneys* | *Dates* |
|---|---|---|
| | | |
| | | |
| | | |

**Reference Order**

**IT IS ORDERED:** This case is referred to a United States magistrate judge to conduct all proceedings and order the entry of a final judgment in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Date: ____________

*District Judge's signature*

*Printed name and title*

Note: Return this form to the clerk of court only if you are consenting to the exercise of jurisdiction by a United States magistrate judge. Do not return this form to a judge.